IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20955
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SERGIO DENIS CASTRO-GOMEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(H-01-CR-90-1)
--------------------
June 20, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     Defendant-Appellant Sergio Denis Castro-Gomez was convicted by a jury of harboring illegal aliens, and aiding and abetting, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and 18 U.S.C. § 2. Castro appeals his conviction on the contention that the district court reversibly erred by refusing to give his requested jury instruction on the affirmative defense of duress. He argues that the district court abused its discretion in refusing to give the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proposed instruction because the evidence adduced at trial was sufficient to prove each of the elements of a duress defense.

Castro, a Honduran national, was smuggled into this country. When he could not pay his smuggling fee, he was made to assist in the daily operations of the smuggling enterprise to work off his fee. As part of his duties, Castro was charged with security of an apartment in which many aliens were housed. Anytime there was a knock on the door, Castro hid the other aliens in a closet or bathroom to prevent detection of the smuggling enterprise by anyone who was not involved in it. In connection with his indenture, however, Castro was afforded free access to a telephone and was allowed, on rare occasion, to leave the apartment unaccompanied and go to a nearby gas station.

Our review of the record evidence convinces us that Castro did not present sufficient facts to demonstrate that he was under any unlawful threat of present, imminent, and impending death or serious bodily injury, or that he had no reasonable legal alternative to violating the law. See United States v. Posada-Rios, 158 F.3d 832, 873-74 (5th Cir. 1998). Accordingly, we hold that the district court did not abuse its discretion in refusing to instruct the jury on the affirmative defense of duress. See id. at 875.

AFFIRMED.